IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY MATTHEWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 05-0224-CV-W-NKL |
| | ) | Crim. No. 01-0378-01-CR-W-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Pending before the Court is Petitioner Timothy Matthews's ("Matthews") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons stated below, Matthews's habeas petition will be denied as untimely.

On November 26, 2002, Matthews entered a plea of guilty to the charge of distributing cocaine base. On March 27, 2003, Matthews was sentenced to 84 months' imprisonment. Matthews now argues that his counsel was ineffective, and that his sentence was unconstitutionally based on facts not submitted to a jury and improperly found by the Court.

28 U.S.C. § 2255 provides for a one-year period of limitation for motions filed under that section:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

1

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

While Matthews concedes that his habeas petition falls outside the statutory limitations period, he argues that his claims raised pursuant to *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004), are not barred because *Blakely* established a "newly recognized right." (Pet. Reply [Doc. 10], p. 2.) This argument is without merit. Even if *Blakely* signifies the first time that the Supreme Court recognized a defendant's right to have sentencing decided based on jury-found facts, Matthews would not be entitled to the relevant statutory exception. To come within that exception, the newly recognized right would have to be "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. The circuits are in agreement that *Blakely* and its companion, *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), have not been made retroactively applicable. *See, e.g., Green v. United States*, 397 F.3d 101 (2nd Cir. 2005); *Lloyd v. United States*, ___ F. ___, 2005 WL 1155220 at *4 (3rd Cir. 2005) ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also Guzman v. United States*, 404 F.3d 139 at 143-44 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.

2

2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005).

Because neither *Blakely* nor *Booker* are retroactive, the statute of limitations began to run when Defendant's Judgment of Conviction became final, and, therefore, his habeas petition is untimely. Accordingly, it is

ORDERED that Matthews's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: June 8, 2005
Kansas City, Missouri